UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE SANDLAIN,

     Petitioner,                           Case No. 2:25-CV-13488

v.                                   UNITED STATES DISTRICT COURT JUDGE

ERIC RARDIN,                      GERSHWIN A. DRAIN

     Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Blake Sandlain, ("Petitioner"), currently serving a sentence of home confinement through the Bureau of Prisons (BOP), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He challenges the Bureau of Prisons' refusal to apply his earned time credits under the First Step Act (FSA) toward early release from home confinement to begin serving his term of supervised release. For the reasons that follow, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

Pursuant to a Rule 11 Plea Agreement, Petitioner pleaded guilty to being a felon in possession of a firearm and possession with intent to distribute a controlled substance, heroin, before this Court. On May 7, 2015, Petitioner was sentenced to 120 months on the firearm charge and 180 months on the drug trafficking charge to

1

run concurrently, for a total sentence of 180 months. He began serving his sentence on June 24, 2015. *See United States v. Sandlain,* No. 2:14-cr-20283 (E.D. Mich.).

Petitioner was moved to home confinement on April 4, 2025. Ex. A, M. Cole Decl., ¶ 6. (ECF No. 11-1, PageID.54). His current projected FSA release date is June 7, 2026. Petitioner's full term release date is May 7, 2029. *Id.*, ¶ 4. (*Id.*).

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that he is entitled to additional credit under the First Step Act for time spent in prerelease custody and requesting that he begin his term of supervised release early. (ECF No. 1, Habeas Petition, PageID.7–8).

## II. DISCUSSION

Petitioner alleges that the BOP wrongly denied him FSA credits.

Respondent initially argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing his habeas petition.

Federal inmates are normally required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). The Sixth Circuit, however, found that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235, 236 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the

2

District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*, 515 U.S. 50 (1995)).  The Court need not decide the exhaustion issue but will proceed instead directly to the merits of the petition. *See Qaiyim v. Farley*, No. 1:11CV430, 2011 WL 3566852, at *3 (N.D. Ohio Aug. 15, 2011).  As stated below, Petitioner is not entitled to relief on his claim, hence, it is not necessary to first address the exhaustion issue.

Eligible federal inmates, those whose convictions do not exclude them from receiving First Step Act benefits, may earn First Step Act Time Credits or FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if (1) his recidivism-risk rating is minimum or low and (2) his risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any

3

remaining FTCs applied towards early transfer to prerelease custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

This Court notes at the outset that inmates have no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002). "Courts that have considered the issue 'have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act.'" *Fontanez v. Rardin*, No. 2:23-cv-12415, 2024 WL 1776338, at *3 (E.D. Mich. Apr. 24, 2024) (quoting *Sedlacek v. Rardin*, No. 2:23-cv-11899, 2024 WL 965607, at *2 (E.D. Mich. Mar. 5, 2024)); *see also Cheng v. United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (Taiwanese prisoner subject to removal under the immigration laws did not have a liberty interest in receiving FSA credits).

A federal prisoner is eligible to receive First Step Act benefits when his time credits complete his term of imprisonment. *Hargrove v. Healy*, 155 F.4th 530, 534 (6th Cir. 2025), *cert. denied*, No. 25-818, 2026 WL 1052155 (U.S. Apr. 20, 2026) (citing 18 U.S.C. § 3624(g)(1)(A)). Section 3624(g)(3) indicates that where a federal prisoner is sentenced to supervised release, as was Petitioner, "the Director of [BOP]

4

may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." *Id.* These "time credits help a prisoner to *start* his term of supervised release at an earlier date, not *end* his term of supervised release at an earlier date." *Hargrove*, 155 F.4th at 534 (emphasis original).

Petitioner is not entitled to an earlier release to supervised release because the BOP already applied the maximum 365 days of First Step Act credits to accelerate Petitioner's release date by one year. Ex. A, M. Cole Decl., ¶ 7 (ECF No. 11-1, PageID.54–55). Thus, "regardless of the number of FSA credits the prisoner has accumulated, the maximum that § 3632 can advance a prisoner's release date is 12 months." *Calhoun v. Garza*, No. 24-3240, 2025 WL 2670277, at *3 (6th Cir. June 17, 2025), *cert. denied sub nom. Calhoun v. United States*, No. 25-6557, 2026 WL 490503 (U.S. Feb. 23, 2026). The BOP already applied the statutory maximum of 365 days of Petitioner's FTCs to reduce his prison term. Even if Petitioner may have earned over 365 days of FTCs, his additional FTCs could not be applied to reduce his prison term under § 3624(g)(3) but would have been applied toward home confinement or halfway house placement. Petitioner is not entitled to habeas relief because the BOP properly applied his FTCs to his sentence. *Nekvasil v. United States*, No. 2:22-CV-12155, 2025 WL 395828, at *2–*3 (E.D. Mich. Jan. 8, 2025).

5

Finally, to the extent that Petitioner is asking to have his additional FSA credits applied to reduce his term of supervised release, he is not entitled to habeas relief because "First Step Act time credits under § 3632(d)(4)(C) can be used to reduce a prison term but not a supervised-release term." *Hargrove*, 155 F.4th at 536. Petitioner is not entitled to habeas relief on his claim.

### III.  ORDER

Based upon the foregoing, the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DENIED WITH PREJUDICE. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.  Petitioner is **GRANTED** leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

> **SO ORDERED.**

Dated:  June 5, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge